**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Victor O. Dema, | ) | No. CV-07-473-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Snell & Wilmer, L.L.P.; Robert Feinberg; and Michael J. Yates, | ) | |
| Defendants. | ) | |

Plaintiff filed a pro se complaint against Defendants on March 2, 2007. Dkt. #1. Defendants have filed a motion to dismiss the complaint for failure to serve as required by Rule 4(m) of the Federal Rules of Civil Procedure. Dkt. #6. Plaintiff has filed a motion for an extension of time to complete service and for leave to file an amended complaint. Dkt. #7.

**A.    The Motion to Dismiss and Motion for Extension of Time.**

Rule 4(m) provides that "the court shall extend the time for service" upon a showing of "good cause." Plaintiff asserts that good cause exists because he was incarcerated for thirty days in Maricopa County Jail and is undergoing medical treatment for a mental disorder. Dkt. #7 at 2-3. Good cause generally does not exist, however, when a plaintiff merely encounters difficulties in completing service, such as "failure to receive a waiver of formal service, ignorance of the rule, the absence of prejudice to the defendant, office moves

1 or personal problems, the belief that the time requirement was only technical, the filing of
2 an amended complaint, inadvertence of counsel, or the expenditure of efforts that fall short
3 of real diligence by the serving party." Wright & Miller, *Federal Practice and Procedure:*
4 *Civil 3d* § 1137 at 352 (2002). The Court finds that Plaintiff's lack of service falls into this
5 category. Plaintiff has failed to explain why his temporary incarceration and medical
6 treatment precluded him from timely serving Defendants.

7 The Ninth Circuit has held, however, that district courts have broad discretion under
8 Rule 4(m) to extend time for service even without a showing of good cause. *See United*
9 *States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). This holding is consistent with
10 the Advisory Committee Notes to Rule 4(m), which "authorizes the court to relieve a plaintiff
11 of the consequences of an application of [Rule 4(m)] even if there is no good cause shown."
12 (1993 Amendments). Given Plaintiff's pro se status and the apparent lack of prejudice to
13 Defendants resulting from the delay in service, the Court will exercise its discretion and give
14 Plaintiff until **September 14, 2007** to complete service of process in this case. Plaintiff is
15 explicitly warned, however, that the Court will not be inclined to grant a further extension
16 absent truly extraordinary circumstances.

17 **B.     The Motion for Leave to Amend Complaint.**

18 Under Rule 15, a party may amend his pleading "once as a matter of course at any
19 time before a responsive pleading is served[.]" Fed. R. Civ. P. 15(a). Because a motion to
20 dismiss is not a "responsive pleading" within the meaning of the rule, *see Schreiber Distrib.*
21 *Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986), Plaintiff does not need
22 leave of Court to file his proposed amended complaint. The Clerk will be directed to file the
23 lodged proposed amended complaint. Plaintiff should serve the amended complaint on
24 Defendants within the time set forth above.

25 **IT IS ORDERED:**

26 1.     Defendants' motion to dismiss (Dkt. #6) is **denied**.
27 2.     Plaintiff's motion for extension of time to complete service and for leave to
28        amend complaint (Dkt. #7) is **granted in part** and **denied in part**. The

request for an extension of time is granted. Plaintiff shall have until **September 14, 2007** to effect service of process in this case. The request for leave to amend the complaint is denied as moot. The Clerk shall file the lodged proposed amended complaint (Dkt. #8).

DATED this 8th day of August, 2007.

David G. Campbell
United States District Judge

- 3 -