**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Victor O. Dema,                                      )      No. CV-07-473-PHX-DGC
                                                    )
         Plaintiff,                           )      **ORDER**
                                                    )
vs.                                                 )
                                                    )
                                                    )
Snell & Wilmer, L.L.P.; Robert                      )
Feinberg; and Michael J. Yates,                     )
                                                    )
         Defendants.                          )
                                                    )
_____ )

      Pro se Plaintiff Victor Dema filed an amended complaint against Defendants Snell & Wilmer, L.L.P. and attorneys Robert Feinberg and Michael Yates on August 8, 2007. Dkt. #10.  Defendants have filed a motion to dismiss the amended complaint pursuant to Rules 12(b)(1) and  (6) of the Federal Rules of Civil Procedure.  Dkt. #11.  Plaintiff has responded and Defendants have replied.  Dkt. ##12, 13.  The Court will grant the motion.

**I.     Background.**

      Beginning on September 22, 2005, Defendants represented Banner Medical Center in a state court civil defamation action brought by Plaintiff ("Banner Case").  During discovery in the Banner Case, Defendants obtained and disclosed documents relating to Plaintiff's past criminal proceedings regarding an alleged sham marriage.  Plaintiff alleges that these records were improperly created and obtained.  Plaintiff asserts that the court in

1  the Banner Case disallowed one of his exhibits as evidence, that Defendants filed a motion
2  for summary judgment on behalf of Banner that was granted, and that the state court judge
3  signed the order ninety days after choosing to grant the motion.

4      After receiving an adverse judgment in the Banner Case, Plaintiff sued Defendants
5  in this Court. Dkt. #1. Defendants filed a motion to dismiss. Dkt. #6. Before this Court
6  could rule on the motion, Plaintiff filed an amended complaint to remedy deficiencies in the
7  first complaint. The amended complaint asserts federal claims under 42 U.S.C. §§ 1981,
8  1983, and 1985, and numerous state law claims.[1] Dkt. #10. Defendants then filed this
9  motion to dismiss. Dkt. #11.

10 **II.   Defendants' Motion to Dismiss.**

11     A district court may dismiss a complaint for failure to state a claim if "it appears
12 beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
13 entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). When analyzing
14 a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and
15 construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d
16 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations are not given
17 a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences
18 are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th
19 Cir. 1998).

20     **A.   42 U.S.C. § 1981.**

21     Defendants assert that Plaintiff's § 1981 claim fails because it does not establish a
22 contractual relationship between Plaintiff and Defendants. Section 1981 guarantees the
23 "right . . . to make and enforce contracts[.]" 42 U.S.C. § 1981. "Any claim brought under
24 [§] 1981 . . . must initially identify an impaired 'contractual relationship,' under which the
25 plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). Plaintiff

26

27     [1]The complaint's caption lists "defamation of character in course of judicial process,
conspiracy to discriminate, racially motivated discrimination, false light invasion of privacy,
28 spoliation of evidence, invasion of privacy, abusive discovery tactics intended to invade
plaintiff's legal rights, and intentional infliction of emotional distress." Dkt. #10.

1    alleges no contractual relationship.  Plaintiff and Defendants were opponents in the Banner

2    Case.  He had no contract with Defendants.  The Court accordingly will dismiss Plaintiff's

3    § 1981 claim.

4            **B.       42 U.S.C. § 1983.**

5            Section 1983 provides a cause of action for persons deprived of rights, privileges, or

6    immunities secured by the Constitution and federal law by those acting under color of state

7    law.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  A defendant acting under

8    color of state law must exercise power "possessed by virtue of state law and made possible

9    only because the wrongdoer is clothed with the authority of state law."  *West*, 487 U.S. at 49.

10   Courts give "careful adherence to the 'state action' requirement."  *Price v. Hawaii*, 939 F.2d

11   702, 708 (1991).  Mere "conclusory allegations, unsupported by facts," are "insufficient to

12   state a claim under the Civil Rights Act."  *Id.*

13           Private actors associated with a winning party in a court proceeding usually have not

14   acted under color of state law.  *See Simmons v. Sacramento County Super. Ct.*, 318 F.3d

15   1156, 1161 (9th Cir. 2003) (private attorney representing opposing party was not acting

16   under color of state law, despite plaintiff's claims that the attorney conspired with state

17   officers to deny due process); *Price*, 939 F.2d at 707-08 (private landowners who sought

18   court approval before taking actions regarding real property did not act under color of state

19   law simply by resorting to the courts); *Phillips v. Int'l Ass'n of Bridge, Structural &*

20   *Ornamental Iron Workers*, 556 F.2d 939, 940 (9th Cir. 1977) (union officials who brought

21   allegedly meritless suits against members did not act under color of state law simply by

22   resorting to the court system).

23           Plaintiff makes conclusory allegations that Defendants acted under color of state law,

24   but his factual allegations do not support the claim.  Defendants were private attorneys

25   representing a private party in a civil lawsuit, not state actors.  Plaintiff discusses various

26   events in the Banner case – alleged defamation by Defendants based on publication of

27   various records, the judge's denial of Plaintiff's request to present certain evidence, an

28   alleged racial connection between the judge and Defendants, and the grant of summary

1  judgment against Plaintiff – but these allegations, even construed liberally, fail to support any

2  reasonable inference that Defendants were acting under color of state law.  The Court will

3  dismiss Plaintiff's § 1983 claim.

4         **C.**        **42 U.S.C. § 1985.**

5        Plaintiff's complaint does not specify which of three subsections of 42 U.S.C. § 1985

6  he pleads.  Subsection (1) addresses conspiracy to prevent federal officials from discharging

7  their duties – a provision that clearly does not apply here.  Subsection (2) deals with

8  conspiracy to obstruct justice by force, intimidation, or threat, but Plaintiff alleges no such

9  facts.  Subsection (3), prohibiting conspiracy to deprive a person of rights or privileges, is

10  the only plausible subsection.

11        To establish a conspiracy claim under § 1985(3), a plaintiff must prove (1) a

12  conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person of equal

13  protection of the law, or of equal privileges and immunities under the law, (3) an act in

14  furtherance of the conspiracy, and (4) that the plaintiff was injured in his person or property,

15  or that the plaintiff was deprived of any right or privilege of a citizen of the United States.

16  *Sever v. Alaska Pulp Corp.,* 978 F.2d 1529, 1536 (9th Cir. 1992).  Further, the plaintiff must

17  prove that the deprivation of a protected right was motivated by some racial, or otherwise

18  class-based, invidious discriminatory animus.  *Id.*  Mere conclusory allegations of a

19  conspiracy are not sufficient.  A valid claim must be supported by specific factual

20  allegations.  *See Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988);

21  *Gillepsie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1988) (pro se plaintiff who claimed merely

22  that he was a black prisoner who was denied medical care failed to allege specific facts

23  suggesting a conspiracy or motivation by racial animus, and thus did not state a § 1985(3)

24  claim); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989) (plaintiff who

25  showed only that an alleged coconspirator deceived the plaintiff, but not that an agreement

26  between the coconspirator and the defendant existed, did not state a claim for conspiracy).

27        Plaintiff alleges that he was unable to present evidence in court because it was

28  "missing," that the state court judge ruled against him on several motions, that a bias of racial

1   identity existed, and that defendants met with state court officials to form a conspiracy.

2   Plaintiff does not explain how his inability to produce evidence or the judge's decisions

3   showed any action by Defendants at all, much less a conspiracy between Defendants and the

4   judge.  Furthermore, Plaintiff supports his claim of racial bias only by indicating that he is

5   African-American and Defendants are Caucasian.  This fact alone does not show racial bias

6   or a conspiracy based on race.  Finally, all of Plaintiff's allegations appear to be facts

7   necessarily connected with Defendants' responsibility to represent Banner and the state

8   judge's legal decisions based on that representation.  Nothing suggests action outside of

9   Defendants' typical professional activity.  Such professional activities do not state a claim

10  for civil conspiracy.  The Court will grant Defendants' motion regarding the section 1985(3)

11  claim.

12  **III.   State Law Claims.**

13      Because the Court will dismiss Plaintiff's federal claims, the Court has discretion to

14  dismiss the remaining state law claims under 28 U.S.C. §1367(c)(3).  "To decline jurisdiction

15  under section 1367(c)(3), the district court must first identify the dismissal that triggers the

16  exercise of discretion and then explain how declining jurisdiction serves the objectives of

17  economy, convenience and fairness to the parties, and comity." *Tr. of Constr. Indus. &*

18  *Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923,

19  925 (9th Cir. 2003).

20      The foregoing discussion identifies the dismissal of federal claims that triggers the

21  Court's discretion under § 1367(c)(3).  Plaintiff's remaining state law claims are most

22  properly addressed by the courts of Arizona – courts charged with administering the laws of

23  Arizona and more familiar with state-law claims.  Courts have recognized that when all

24  federal claims are eliminated early in a case and only state claims remain, the district court

25  has "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*

26  *Univ. v. Cohill*, 484 U.S. 343, 348–51 (1988); *see Bryant v. Adventist Health Sys./W.*, 289

27  F.3d 1162, 1165 (9th Cir. 2002) (declining supplemental jurisdiction after granting summary

28  judgment against plaintiffs' federal claims); *Oye v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001)

(declining supplemental jurisdiction after granting defendants' motion to dismiss federal claims). Given that this case is only at the pleading stage, additional resources dedicated to resolving state law claims should occur in state court. The Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining claims.

**IT IS ORDERED:**

1.      Defendants' motion to dismiss (Dkt. #11) is **granted**.

2.      Plaintiff's federal claims are **dismissed**.

3.      The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

4.      The Clerk is directed to **terminate** this action.

DATED this 3rd day of December, 2007.

David G. Campbell
United States District Judge